IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ROBERT BONDICK,**

           Plaintiff,

           **v.**

**CAMBRIDGE REAL ESTATE SERVICES,
CORNERSTONE COMMUNITY HOUSING,
GUARDIAN REAL ESTATE SERVICES
LLC, ROBIN SPENCER, RON GLOVER,
KATIE COWPERTHWAITE, LEAH SYKES,
GREENSPOON MARDER LLP, HOMES
FOR GOOD HOUSING, VIRIAM KHALSA,
CHRISTI CHAMP, ANDRE TIBBS,
COMCAST CORPORATION, LINDA L.,
JAY BURRIS, RODRIGO LOPEZ,
CENTURYLINK CORPORATION, ANN
ANDERSON, JACOB FOX, VERONICA
REIOS AND DERICK, AND CALEB BETROS
OF THOMSON LANDSCAPE COMPANY,**

           Defendants.

_____

**Case. No. 6:22-cv-00640-MC**

**OPINION AND ORDER**

1—OPINION AND ORDER

**MCSHANE, Judge:**

*Pro se* plaintiff Robert Bondick seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. Plaintiff also requests leave to amend his original complaint to include additional defendants and claims. Because Plaintiff's complaint and proposed amended complaint fail to state any claims upon which relief may be granted and could not be fixed with leave to amend, Plaintiff's Motion for Leave to Amend is DENIED and this action is DISMISSED WITH PREJUDICE.

## DISCUSSION

Plaintiff's claims stem from the loss of his Section Eight Housing Subsidy back in 2017. Plaintiff alleges this loss was due to a false accusation of assault. Plaintiff alleges the termination of his subsidy resulted in a breach of contract. As outlined below, this is not the first federal action Plaintiff brought with result to the termination of his housing subsidy.

## I.    CLAIM AND ISSUE PRECLUSION

Claim preclusion or res judicata generally prohibits a plaintiff from re-litigating claims that have been brought or could have been brought in a previous action. Restatement (Second) of Judgments § 24(1). Federal courts apply state preclusion law. *Marrese v. Am. Acad. Of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985). In Oregon, claim preclusion applies when a plaintiff files a suit against the same defendant and the claim in the second suit: "(1) is based on the same factual transaction at issue in the first; (2) seeks an additional or alternative remedy to the one sought earlier; and (3) could have been joined in the first action." *Handam v. Wilsonville Holiday Partners, LLC*, 221 Or. App. 493, 498 (2008).

Plaintiff previously litigated his breach of contract claim as it related to his Section 8 Housing Voucher against Homes for Good Housing Authority in 2020 in front of Judge Aiken in the District of Oregon. *Bondick v. Homes for Good Hous. Agency*, No. 6:20-CV-01728-AA, 2022 WL 2135787 (D. Or. June 14, 2022). Judge Aiken dismissed that complaint with prejudice.[1] *Id.* That decision is final and constitutes a judgement on the merits for the purposes of claim preclusion. *Chase Manhatan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995); *Dauven v. U.S. Bancorp*, 390 F. Supp. 3d 1262, 1279 (D. Or. 2019). Because Plaintiff brings this breach of contract claim against the same defendant from the first action, and because it arises out of the same facts, seeks an additional remedy, and could have been joined in the previous actions, Oregon claim preclusion law bars Plaintiff from bringing this claim. *See* Pl.'s Compl. ECF No. 1-1; Pl.'s Proposed Am. Compl. ECF No. 7-1.

Plaintiff's claims in 2018 stemmed from the termination of his eligibility for Section 8 Housing Voucher benefits. *See* Pl.'s Compl. & Am. Compl., *Bondick v. Khalsa et al.* No. 6:18-CV-02122-MK, 2020 WL 3799194 (D. Or. July 7, 2020) (*appeal dismissed*, No. 20-35698, 2020 WL 6572246 (9th Cir. Oct. 1, 2020). Plaintiff named Defendants Viriam Khalsa, Robin Spencer, Cambridge Real Estate Services, Homes for Good Housing, and Thompson Landscape Company in 2018 and again in this action. *Id.* Plaintiff's claims for malicious prosecution, civil conspiracy, conversion, breach of contract for his lease and employment of manipulative and deceptive devices also arise out of the circumstances and events leading to the termination of his Section 8 benefits in 2018. Pl.'s Compl.; Pl.'s Proposed Am. Compl. While claims may not be barred by claim preclusion, issue preclusion does apply. Issue preclusion applies when:

---

[1] Judge Aiken concluded Plaintiff's "collateral attempt to challenge the judgment in Case No. 6:18-02122-MK, or to seek recission or modification of the settlement agreement in that case is, as the Court previously informed Plaintiff, barred by preclusion." *Homes for Good Hous. Agency*, 2022 WL 2135757 at *2.

> (1) the issues in the two proceedings [are] "identical"; (2) the issue must have been "actually litigated" in the earlier proceeding and "essential to a final decision on the merits in the prior proceeding"; (3) the party sought to be precluded must have had "a full and fair opportunity to be heard on that issue"; (4) the party sought to be precluded must have been a party or in privity with a party to the prior proceeding; and (5) the prior proceeding must have been "the type of proceeding to which this court will give preclusive effect."

*Thomas v. U.S. Bank Nat. Ass'n*, 244 Or. App. 457, 469 (2011) (quoting *Nelson v. Emerald People's Utility Dist.*, 862 P.2d 1293 (Or. App. 1993)).

Here, the same issues were material to the matter that was actually litigated with Judge Kasubhai, the parties named above were also named in the prior matter, and it resolved with a final judgement on the merits. Moreover, in his settlement conference, Plaintiff agreed to "release all of his claims in connection with this matter . . . ." *Khalsa et al.* 2020 WL 3799194 (D. Or. July 7, 2020).

## II.    CIVIL CONSPIRACY (18 U.S.C. § 241)

Plaintiff lacks standing to bring this as a claim because it is a criminal charge. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 93 S. Ct. 1146, 1149 (1973). Furthermore, Plaintiff was or should have known that he could not bring this as a claim because his appointed pro bono counsel advised him of such via email in an exhibit attached to a motion he filed in his 2018 action with Judge Kasubhai. Exhibit C of Pl.'s Motion at 2, ECF No. 86-3, *Khalsa et al.* No. 6:18-CV-02122-MK, (D. Or.).

## III.    CONVERSION TORT

As Plaintiff brings this conversion claim over the loss of his Section 8 Housing Voucher, it is not viable because the voucher expired July 7, 2020. Exhibit B of Plaintiff's Motion at 1,

ECF No. 86-2, *Khalsa et al.* No. 6:18-CV-02122-MK. Additionally, as outlined above, as this claim relates back to Plaintiff's 2018 civil actions, this claim is barred by issue preclusion.

## IV.     BREACH OF CONTRACT (BASED ON GRIEVANCE CLAUSE OF LEASE)

Plaintiff's complaint merely states a legal conclusion and does not state any facts which would give rise to a valid breach of contract claim. Pl.'s Compl. at 6. As stated above, it too is barred by issue preclusion.

## V.     FAIR HOUSING ACT (FHA) CLAIMS (DISCRIMINATION, TORTIOUS INTERFERENCE, AND RETALIATION)

Plaintiff's claims for retaliation, discrimination, and interference under the Fair Housing Act fall short of the pleading standard in that Plaintiff does not allege any specific facts to support the elements of these claims. Regardless of the possible facts of any possible FHA claims, Section 3613(a)(1)(A) of the United States Code provides that claims brought under the Fair Housing Act carry a two-year statute of limitations. *See* 42 U.S.C.A. § 3613 (West). Because Plaintiff's claims for discrimination, retaliation, and tortious interference are all brought under the FHA and occurred—as confirmed by Plaintiff's 2018 federal cases—more than two years before Plaintiff filed this action, they are barred by the two-year statute of limitations.

## VI.     EMPLOYMENT OF MANIPULATIVE AND DECEPTIVE DEVICES (17 C.F.R. 240.10b-5)

Plaintiff's claim for employment of manipulative and deceptive devices is misplaced. The statute Plaintiff cites is from the General Rules and Regulations of the Securities Exchange Act of 1934 and applies to violations "in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. Plaintiff makes no mention of securities at any point in his complaint or proposed amended complaint. It is also barred because Oregon only allows plaintiffs two years "in which to file their claims under Section 10(b) of the Securities Exchange Act of 1934,"

*Winkelman v. Blyth & Co.*, 394 F. Supp. 994, 996 (D. Or. 1973), *aff'd*, 518 F.2d 530 (9th Cir.

1975).

## VII.    OBSTRUCTION OF TELEPHONE SERVICE

Plaintiff's claims for obstruction of telephone service against Comcast and CenturyLink

are also barred. Plaintiff had six months to follow up on his informal complaint with a formal

complaint to the Federal Communications Commission (FCC) which, by Plaintiff's own

admission, lapsed approximately 18 months ago. *See* FCC,

https://consumercomplaints.fcc.gov/hc/en-us/articles/205082880-Filing-a-Complaint-Questions-

and-Answers#question_15 (last visited Jun. 21, 2022). Additionally, Plaintiff's claims are barred

by the Federal Communications Act's two-year statute of limitations on complaints against

carriers for recovery of damages applies to actions filed either in court or with the FCC. *See* 47

U.S.C.A. § 415(b); *Black Radio Network, Inc. v. NYNEX Corp.*, 44 F. Supp. 2d 565, 582

(S.D.N.Y. 1999).

## VIII.    LIBEL

The letter Plaintiff uses as the basis for his libel claim was sent in 2018. Pl.'s Compl.

ECF No. 7-1. Under Oregon law, "[a]n action for libel or slander shall be commenced within one

year[,]" so this claim is time-barred. Or. Rev. Stat. Ann. § 12.120 (West).

## IX.    MALICIOUS PROSECUTION

Plaintiff's malicious prosecution claim, in addition to being barred by issue preclusion,

fails because Plaintiff was never prosecuted in connection with this matter. A successful

malicious prosecution claim requires that "defendants initiated a criminal proceeding[.]" *Est. of*

*Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). The hearing with Homes for Good was

informal, and not criminal. Pl.'s Proposed Am. Compl. at 2; Exhibit C of Plaintiff's Motion at 2.

## <u>CONCLUSION</u>

Plaintiff's Motion for Leave to Amend, ECF No. 7, is DENIED and this case is

DISMISSED WITH PREJUDICE. Because any appeal would be frivolous, the Court declines to

grant Plaintiff leave to appeal in forma pauperis. All other pending motions are DENIED as

moot.

IT IS SO ORDERED.

DATED this 19th day of July, 2022.


_____/s/ Michael McShane_____
**Michael J. McShane**
**United States District Judge**